UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROGER SHULER and <br> CAROL SHULER, <br><br> Plaintiffs, <br><br> v. <br><br> INGRAM & ASSOCIATES and <br> NCO FINANCIAL SYSTEMS, INC., <br><br> Defendants. | Case No.: 2:08-cv-1238-UWC |

## DEFENDANT, NCO FINANCIAL SYSTEMS, INC.'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant, NCO Financial Systems, Inc. ("NCO"), through counsel and pursuant to the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by plaintiffs, Roger Shuler and Carol Shuler ("Plaintiffs"), and states:

### INTRODUCTION

1. NCO admits that Plaintiffs purport to bring this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and seek a declaration that the defendants' debt collection practices violate the FDCPA, actual and statutory damages, attorneys' fees and litigation costs, and compensatory and punitive damages for the defendants' alleged violations of Alabama statutory and

common laws, but denies any and all liability, damages, and wrongdoing under the law.

## JURISDICTION AND VENUE

2.  NCO admits the allegations in ¶ 2 for jurisdictional and venue purposes only.

## PARTIES

3.  Upon information and belief, NCO admits that Plaintiffs reside in Birmingham, Alabama, but denies the remaining allegations in ¶ 3 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

4.  The allegations in ¶ 4 of Plaintiffs' Complaint are not directed to NCO. To the extent that the Court requires a response, they are denied.

5.  NCO admits that as part of its business it collects debt and that its corporate address is 507 Prudential Road, Horsham, PA 19044, but denies the remaining allegations in ¶ 5 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

6.  NCO admits that it used the US Mail in its business, but denies the remaining allegations in ¶ 6 for lack of knowledge or information sufficient to form a belief therein.

## FACTUAL ALLEGATION

7. NCO denies the allegations in ¶ 7.

8. NCO admits that its records show that it called Plaintiff, Roger Shuler, in connection with the collection of an American Express debt in Roger Shuler's name, but denies the remaining allegations in ¶ 8.

9. NCO admits that the debt was forwarded to Ingram & Associates in July 2007, but denies the remaining allegations in ¶ 9 for lack of knowledge or information sufficient to form a belief therein.

## FAIR DEBT COLLECTION PRACTICES ACT

10. NCO denies the allegations in ¶ 10.

11. NCO denies the allegations in ¶ 11.

12. NCO denies the allegations in ¶ 12.

13. NCO denies the allegations in ¶ 13.

14. NCO denies the allegations in ¶ 14 including subparts (A) and (B).

15. NCO denies the allegations in ¶ 15 for lack of knowledge or information sufficient to form a belief therein.

16. NCO denies the allegations in ¶ 16 for lack of knowledge or information sufficient to form a belief therein.

17. NCO denies the allegations in ¶ 17 for lack of knowledge or information sufficient to form a belief therein.

18. NCO denies the allegations in ¶ 18 for lack of knowledge or information sufficient to form a belief therein.

19. NCO denies the allegations in ¶ 19 for lack of knowledge or information sufficient to form a belief therein.

20. NCO denies the allegations in ¶ 20 for lack of knowledge or information sufficient to form a belief therein.

21. NCO denies the allegations in ¶ 21 for lack of knowledge or information sufficient to form a belief therein.

22. NCO denies the allegations in ¶ 22 for lack of knowledge or information sufficient to form a belief therein.

23. NCO denies the allegations in ¶ 23 for lack of knowledge or information sufficient to form a belief therein.

24. NCO denies the allegations in ¶ 24 for lack of knowledge or information sufficient to form a belief therein.

25. NCO denies the allegations in ¶ 25.

## **FRAUD**

26. The allegations in ¶ 26 of Plaintiffs' Complaint are not directed to NCO. To the extent that the Court requires a response, they are denied.

27. The allegations in ¶ 27 of Plaintiffs' Complaint are not directed to NCO. To the extent that the Court requires a response, they are denied.

28. The allegations in ¶ 28 of Plaintiffs' Complaint are not directed to NCO. To the extent that the Court requires a response, they are denied.

## INVASION OF PRIVACY

29. NCO denies the allegations in ¶ 29.

30. NCO denies the allegations in ¶ 30.

31. NCO denies the allegations in ¶ 31.

32. NCO denies the allegations in ¶ 32.

## RECKLESS AND WANTON TRAINING AND SUPERVISION

33. NCO denies the allegations in ¶ 33.

34. NCO denies the allegations in ¶ 34.

35. NCO denies the allegations in ¶ 35.

36. NCO denies the allegations in ¶ 36.

## DEFAMATION

37. NCO denies the allegations in ¶ 37.

38. NCO denies the allegations in ¶ 38.

## NCO'S AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs have not stated a claim against NCO upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims against NCO are barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

One or more claims asserted by Plaintiffs are barred by laches, estoppel, waiver and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Assuming that Plaintiffs suffered any damages, they have failed to mitigate their damages or take other reasonable steps to avoid or reduce their damages.

## SIXTH AFFIRMATIVE DEFENSE

Any harm suffered by Plaintiffs was legally and proximately caused by persons or entities other than NCO and were beyond the control or supervision of NCO or for whom NCO was and is not responsible or liable.

## SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part because of comparative and/or contributory negligence.

## EIGHTH DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such error.

## NINTH DEFENSE

This Defendant denies that it willfully failed to comply with any provisions of the Fair Debt Collection Practices Act.

## TENTH DEFENSE

This Defendant pleads any state law causes of action asserted by Plaintiff are preempted by the Fair Debt Collection Practices Act.

## ELEVENTH DEFENSE

Imposition of mental anguish damages, without any accompanying physical or bodily injury, under provisions of Alabama law governing the right to recover such damages or the determination of the amount of such damages, violates the Fifth and Fourteenth Amendments to the United States Constitution and/or the common law and/or the public policies of the United States on the following grounds:

    (a)    The procedures pursuant to which such damages are awarded fail to provide a reasonable limit on the amount of such damages against a defendant, which violates Defendant's rights to due process as guaranteed by the United States Constitution.

(b) The procedures pursuant to which such damages are awarded fail to provide specific standards for the award of such damages, which violates the Due Process Clause of the fourteenth Amendment of the Untied States Constitution.

(c) Plaintiff's claim for such damages against this defendant cannot be sustained because an award of such damages under Alabama law is subject to no predetermined limit nor any guidelines of any sort on the amount of such damages that a jury may impose, and will violate this Defendant's due process and equal protection rights as guaranteed by the fifth and fourteenth Amendments to the United States Constitution.

(d) Plaintiff's claims for such damages against this Defendant cannot be sustained because any award of such damages under Alabama law would violate this Defendant's due process rights in as much as juries are allowed to award such damages as they see fit or as a matter of "moral discretion" without adequate or specific standards *as* to *any actual* injury or harm.

(e) Plaintiff's claims of such damages, and the provisions of Alabama law governing the right to recover such damages or the determination of such damages are unconstitutionally vague, indefinite and uncertain, and they deprive this Defendant of due process of law.

(f) Plaintiff's claims of such damages, and the provisions of Alabama law governing the right to recover such damages or the determination of such damages, cause this Defendant to be treated differently from other similarly situated persons/entities by subjecting this Defendant to liability beyond the actual loss, if any, caused by this Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

(g) The procedures pursuant to which mental anguish damages are awarded subject this Defendant to liability for the conduct of others through vicarious liability, respondent superior, or through non-apportionment of damages among allegedly joint tortfeasors with respect to the respective enormity of their alleged misconduct, in

        violation of this Defendant's due process rights and the Fifth and Fourteenth Amendments to the United States Constitution.

(h) Plaintiff's claims for such damages, and the provisions of Alabama laws governing the right to recover such damages or the determination of damages exposes this Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by this Defendant's alleged conduct, creating a chilling effect on Defendant's exercise of its right to a judicial resolution of this dispute.

(i) An award of such damages in this case would constitute a deprivation of property without due process of law.

(j) The procedures pursuant to which such damages are awarded are not rationally related to legitimate government interests.

## **TWELFTH DEFENSE**

Plaintiff's claims to mental anguish or emotional distress damages without any accompanying physical or bodily injury, and the provisions of Alabama law governing the right to recover such damages or the determination of the amount of such damages, violate the Alabama Constitution and/or the common law or public policies of Alabama on the following grounds:

(a) The procedures pursuant to which such damages are awarded fail to provide a reasonable limit on the amount of such damages against a defendant in violation of this Defendant's due process rights guaranteed by the Alabama Constitution.

(b) The procedures pursuant to which such damages are awarded are unconstitutionally vague, indefinite and uncertain, and they deprive this Defendant of due process if law in violation of the Alabama Constitution.

(c) The procedures pursuant to which such damages are awarded fail to provide specific standards for the amount of an award of damages and deprive this Defendant of due process of law in violation of the Alabama Constitution.

(d) An award of damages in this case would constitute a deprivation of property without due process of law.

(e) The procedures pursuant to which such damages are awarded cause this Defendant to be treated differently from other similarly situated persons and/or entities by subjecting this Defendant to liability beyond the actual loss or harm, if any, caused by this Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

(f) The procedures pursuant to which such damages are awarded may result in the imposition of different or disparate penalties for the same or similar conduct, which denies this Defendant of its rights of equal protection and due process.

(g) The procedures pursuant to which such damages are awarded subject this Defendant to liability for the conduct of others through vicarious liability, respondent superior, or through non-apportionment of damages among allegedly joint tortfeasors with respect to the respective enormity of their alleged misconduct, in violation of Defendant's due process rights and Article I, §§ 1, 6, 13 and 22 of the Alabama Constitution.

(h) The procedures pursuant to which such damages are awarded expose this Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by this Defendant's conduct, creating a chilling effect on the Defendant's exercise of their right to a judicial resolution of this dispute.

(i) The procedures pursuant to which such damages are awarded are not rationally related to legitimate government interests.

(j) Plaintiff's claims for such damages against this Defendant cannot be sustained because an award of such damages under Alabama law subject to no predetermined limit nor any guidelines of any sort on the

      amount of such damages that a jury may impose, and will violate this Defendant's due process and equal protection rights guaranteed by the Alabama Constitution. further, to allow such an award would be improper under the common law and/or public policies of the State of Alabama.

(k)    Plaintiff's claims for such damages against this Defendant cannot be sustained because any award of such damages under Alabama law would violate this Defendant's due process rights inasmuch as juries are allowed to award such damages as they see fit or as a matter of "moral discretion" without adequate or specific standards.

## THIRTEENTH DEFENSE

In the calculation of any appropriate multiple of compensatory damages for punitive damages against this Defendant, the *use* of any mental anguish damages without any accompanying physical or bodily injury to Plaintiff, in connection with an alleged breach of warranty or contract would be unjust and violate the Due Process Clause and Equal Protection Clause of the 5th, 8th and 14th Amendment to the United States Constitution, and the relevant provisions of the Alabama Constitution, inasmuch as mental anguish damages are so highly speculative that they do not provide compensatory damages sufficient to support a multiple of punitive damages appropriate under *BMW v. Gore,* 115 S.Ct. 1589 (1996), and its progeny.

## FOURTEENTH DEFENSE

Any claim by Plaintiff for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in the ruling on the case of *BMW v. Gore,* 115 S.Ct. 1589 (1996).

## FIFTEENTH DEFENSE

The Plaintiff is barred from recovering any punitive damages against Defendant for reason that the elements set forth under Ala. Code (1975) § 6-11-27 cannot be satisfied by Plaintiff.

## SIXTEENTH DEFENSE

The Plaintiff is barred from recovering punitive damages in excess of those limits established by Ala. Code (1975) § 6-11-21, as amended.

## SEVENTEENTH DEFENSE

By virtues of Ala. Code (1975) § 6-11-20, punitive damages are not recoverable in this case.

## EIGHTEENTH DEFENSE

As an Affirmative Defense, Defendant affirmatively pleads that any claims for punitive or exemplary damages violate the Defendant's right to due process of law in the United States and Alabama Constitutions.

## NINETEENTH DEFENSE

Defendant denies that it is guilty of conduct for which punitive damages could or should be awarded and denies Plaintiff has produced clear and convincing evidence to support or sustain an award of punitive damages against this Defendant.

## TWENTIETH DEFENSE

Plaintiff cannot recover punitive damages against this Defendant because any such award would be penal in nature and would violate this Defendant's constitutional rights protected under the Alabama Constitution of 1901 and the Constitution of the United States, unless this Defendant is afforded the same procedural safeguards as is a criminal Defendant, including but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of proof beyond a reasonable doubt.

## TWENTY-FIRST DEFENSE

Defendant pleads the constitutional limitations set forth in *BMW v. Gore*, 115 S.Ct. 1589 (1996) decided by the United States Supreme Court since determination of the amount or proper circumstances for an award of punitive damages without consideration of this limitations would deny this Defendant due

process of law in violation of the Fourteenth Amendment to the United States Constitution and in violation of the Constitution of Alabama.

### TWENTY-SECOND DEFENSE

Subjecting this Defendant to punitive damages, or affirming an award of punitive damages against this Defendant in this case, would amount to and constitute a denial of due process as afforded by the due process clause of the Fourteenth Amendment to the United States Constitution, and by the due process clause of Article I § 13 of the Alabama Constitution, as a deprivation of property without due process, based upon the following grounds and circumstances, severally and separately assigned:

(a) An award of punitive damages would constitute an arbitrary and capricious taking of property of Defendant without due process of law.

(b) The procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(c) The procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review for an award of punitive damages.

(d) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague.

(e) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against this Defendant.

(f)     Under Alabama law and procedures governing the award and assessment of punitive damages, there is no objective, logical or reasonable standard or criteria which govern the award, or the amount of the award of punitive damages.

(g)     Alabama procedures pursuant to which amounts of punitive damages are awarded permit the imposition of different penalties for the same or similar acts.

(h)     An award of punitive damages may be assessed against this Defendant vicariously as a principal without any further proof of independent, wrongful conduct or ratification by this Defendant.

(i)     An award of punitive damages may be assessed against this Defendant for unauthorized acts of agents without any additional requirement of knowledge or fault on the part of this Defendant.

(j)     Where a joint and several punitive damages award is mandated to be in a single amount against this Defendant, such a rule additionally violates a Defendant's right to trial by jury as the jury would be prohibited from apportioning damages against the Defendant according to the degree of culpability of the conduct of the Defendant.

(k)     Should the court require the award of punitive damages in a single, joint, and several verdict of one amount, an adoption of this non-apportionment rule would be contrary to the objective of punishing specific misconduct and would be contrary to the objective of assessing punitive damages according to the culpability of conduct.

(l)     In the event a single verdict is mandated against Defendant herein for an award of punitive damages in this case, such a single verdict would be imposed regardless of the degree of culpability of a particular Defendant, and such a non-apportionment rule could result in a joint and several verdict against Defendant whereby punitive damages could be assessed against one Defendant based in part upon culpability of another Defendant, and such a joint verdict in a single amount could be enforced against this Defendant for any portion of that judgment regardless of this Defendant's culpability or relative culpability.

(m) Under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as it relates or compares to the assessment of compensatory damages, or amount of compensatory damages.

(n) Under Alabama law and procedure, there is no objective, logical or rational relationship between the award, or the amount of the award, of punitive damages and the interest or goals of the State of Alabama relating to the imposition or allowance of punitive damages.

(o) Under Alabama law and procedure, there is no objective, logical or rational relationship between the award, or the amount of the award, of punitive damages and the Defendant's alleged wrongful or culpable conduct.

(p) The power and authority imposed upon the jury under Alabama law as to the amount of punitive damages award is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages.

(q) Any punitive damages award would not be subject to post-trial and appellate review on the basis of suitable and sufficient objective standards and criteria.

(r) Use of the Alabama Pattern Jury Instruction 11.03 in instructing the jury as to the amount of punitive damages, and the amount of such an award, does not provide sufficient guidance or standards for the award or amount of punitive damages.

(s) There is a lack of reasonable standard necessary to instruct the jury on the propriety and amount of any punitive damages award and such an award is subject to no predetermined limits.

(t) Any award of punitive damages against this Defendant under the evidence of this case would necessarily be based upon an evidentiary standard no higher or more than a standard of simple negligence, and not upon a standard of proof beyond a reasonable doubt.

## TWENTY-THIRD DEFENSE

Awarding punitive damages in this case against this Defendant would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

## TWENTY-FOURTH DEFENSE

To award punitive damages against this Defendant in this case would have a chilling effect upon the Defendant's right to open access to the courts of this state, in violation of the United States Constitution and Alabama Constitution, separately and severally.

## TWENTY-FIFTH DEFENSE

To award punitive damages against this Defendant in this case would violate the Contracts Clause of Article I, § 10 of the United States Constitution, as an award of punitive damages would impair the contractual obligations arising out of the transaction between the Plaintiff and this Defendant.

## TWENTY-SIXTH DEFENSE

Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria which govern an award, and the amount of the award, of punitive damages, this Defendant is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the

United States Constitution, and Article I §§ 1, 6 and 22 of the Alabama Constitution separately and severally.

### TWENTY-SEVENTH DEFENSE

In the event and to the extent that the award of punitive damages or the amount of the award of punitive damages under present Alabama practice and procedure is deemed to be governed by Alabama Code § 6-11-20, then and to that extent, said Section violates the Alabama Constitution and the United States Constitution, separately and severally, based upon the grounds numerated and set forth in the foregoing paragraphs.

### TWENTY-EIGHTH DEFENSE

The demand for punitive damages in this case is subject to those limitations established by the Alabama Legislature set forth in Section 6-11-21 of the Alabama Code.  The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional.  Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the Legislature as to punitive damages.

### TWENTY-NINTH DEFENSE

Multiple punitive damage awards potentially may be assessed against this Defendant in violation of the Constitutions of the United States and of the State of

Alabama, in violation of this Defendant's right to due process and to a jury trial, and in violation of this Defendant's rights against double jeopardy.

### THIRTIETH DEFENSE

This Defendant reserves the right to amend the Answer, to raise any claims

WHEREFORE, Defendant, NCO Financial Systems, Inc., requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Respectfully Submitted,

*/s/ Laura C. Nettles*_____
Laura C. Nettles, Esq. (ASB 5805-S63L)
Attorneys for Defendant,
NCO Financial Systems, Inc.

OF COUNSEL:

LOYD, GRAY & WHITEHEAD, P.C.
2501 20th Place South, Suite 300
Birmingham, AL 35223
Telephone:  (205) 967-8822
Facsimile:   (205) 967-2380
lnettles@lgwpc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the <u>24th</u> day of <u>November</u>, 2008, a copy of the foregoing was served via Certified Mail, Return Receipt Requested on the following *pro se* Plaintiffs at the following address:

Mr. Roger Shuler
Ms. Carol Shuler
5204 Logan Drive
Birmingham, AL 35242


                                            */s/ Laura C. Nettles*_____
                                            Counsel