# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ROGER SHULER** and<br>**CAROL SHULER,** | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No.: 2:08-CV-1238-UNAS-RRA<br>) |
| **INGRAM AND ASSOCIATES,**<br> and<br>**NCO FINANCIAL SYSTEMS,**<br>**INC.,** | )<br>)<br>)<br>) |
| Defendants | )<br>) |

_____

### PLAINTIFF ROGER SHULER'S RESPONSE TO DEFENDANT INGRAM AND ASSOCIATES, LLC'S FIRST DISCOVERY REQUESTS

**Plaintiff's Response to Defendant's Interrogatories**

Plaintiff objects to each and every request by Defendant Ingram and Associates to the extent that such request is vague, general, overbroad and asks for information that is not reasonably calculated to lead to further discovery.

Plaintiff objects to each and every discovery request by Defendant Ingram and Associates to the extent that the information or documentation requested is protected by the attorney-client privilege, is work product or is protected by some other privilege or rule.

Plaintiff objects to Defendant Ingram and Associates' discovery requests to the extent that they unnecessarily create an unreasonable burden on the Plaintiff in order to proper respond.

1

Plaintiff is aware of the continuing nature of these requests and will update them as soon as new information or documentation is discovered or located.

1. Roger Alan Shuler, 5204 Logan Drive, Birmingham, AL 35242.

2. Roger Alan Shuler;

    a. 5204 Logan Drive, Birmingham, AL 35242;
    b. (205) 991-7438 (home); (205) 531-7346 (cell);
    c. 11/25/56
    d. 2587

3. The Plaintiff recalls numerous phone contacts with Ingram and Associates, LLC beginning in or around May, 2008 and continuing through July, 2008 but cannot recall the date and time of each communication. The Plaintiff can recall dates and times for the conversations he recorded on or about the following dates:

    a. July 12, 2008, sometime in the morning, regarding an American Express account and what means Ingram and Associates might take to collect on the alleged debt.
    b. July 12, 2008 with Tracy Mize and then another call with "Shan", regarding American Express account collection, attempts at resolution and discussion about Plaintiff's financial and legal difficulties and the measures that Ingram and Associates could take to collect the alleged debt.

4. Roger Alan Shuler, 5204 Logan Drive, Birmingham, AL 35242. (205) 991-7438 (home); (205) 531-7346 (cell);

    a. Carol Shuler; 5204 Logan Drive, Birmingham, AL 35242. (205) 991-7438 (home); (205) 531-7346 (cell).

5. Carol Shuler; 5204 Logan Drive, Birmingham, AL 35242. (205) 991-7438 (home); (205) 531-7346 (cell). Plaintiffs cannot recall exact dates and times of communications, except for one in the evening of July 12, 2008 between Carol Shuler and Tracy Mize.

6. Plaintiff has 3 digital audio files that have previously been provided to both Defendants.

7. Plaintiff is or was the cardholder of an American Express card.

8. No current employer.

    a. University of Alabama at Birmingham (UAB); 2200 3rd Ave. South, Birmingham, AL; (205)-934-9311; 1989-2008; editor, $47,000; unlawful termination.

9.
    a. Mike McCarity v. Roger Shuler: CV 00-1248, Shelby County Circuit Court, malicious prosecution/conversion.

    b. Roger Shuler v. Jesse P. Evans III & Michael Odom: CV 03-5627, Jefferson County Circuit Court, legal malpractice.

    c. Roger Shuler v. G. Dan Reeves: CV 04-RRA-0514-S, U.S. District Court, Northern District of Alabama, civil rights.

    d. Roger Shuler v. Richard Poff: CV 05-3826, Jefferson County Circuit Court, legal malpractice.

10.
    a. MBNA (original creditor); Portfolio Recovery & Associates (debt buyer); Eskanos & Adler (law firm); Zarzaur & Schwartz (law firm); National Aribitration Forum.

    b. GE (original creditor); CACH LLC (debt buyer); Halcomb & Wertheim (law firm).

11. Plaintiff made several requests not to be contacted at work on or about July 11-13, 2008.

12. Plaintiff was involved in several phone conversations with Defendant in or around July, 2008 in which an American Express account was discussed and disputed.

13. None known at this time.

3

14. Ingram and Associates, LLC employees violated the Fair Debt Collection and Practices Act by discussing Plaintiff's account with Plaintiff's wife, who was not an account holder; by threatening to take actions that they either did not intend to take or did not have the legal right to take at the time the conversation occurred; and by harassing and annoying Plaintiff in an effort to get him to pay the debt. Ingram and Associates, LLC intentionally and/or wantonly or negligently did inflict emotional distress on Plaintiff. Statutory damages are sought as well as compensatory and punitive damages.

15. Plaintiff is unaware at this time of the exact amount of actual damages.

16. Plaintiff is not in possession and is not aware of the documents sought.

17. Dr. Edward Childs.  619 19th Street South, Birmingham, AL 35249 (205) 934-6600

18. Plaintiff is unaware of any such writings at this time.

**Plaintiff's Response to Defendant's Requests for Production**

Plaintiff objects to each and every request by Defendant Ingram and Associates to the extent that such request is vague, general, overbroad and asks for information that is not reasonably calculated to lead to further discovery.

Plaintiff objects to each and every discovery request by Defendant Ingram and Associates to the extent that the information or documentation requested is protected by the attorney-client privilege, is work product or is protected by some other privilege or rule.

Plaintiff objects to Defendant Ingram and Associates' discovery requests to the extent that they unnecessarily create an unreasonable burden on the Plaintiff in order to proper respond.

Plaintiff is aware of the continuing nature of these requests and will update them as soon as new information or documentation is discovered or located.

1. Plaintiff is unaware of the identity or location of any such documents at this time.

2. Plaintiff is unaware of the identity or location of any such documents at this time.

3. Plaintiff is unaware of the identity or location of any such documents at this time.

4. Plaintiff is unaware of the identity or location of any such documents at this time.

5. Plaintiff is unaware of the identity or location of any such documents at this time.

6. Plaintiff is unaware of the identity or location of any such documents at this time.

7. Plaintiff is unaware of the identity or location of any such documents at this time.

8. Plaintiff is unaware of the identity or location of any such documents at this time.

9. Plaintiff is unaware of the identity or location of any such documents at this time and is unaware that any document could support an accusation that no documents were sent.

10. Plaintiff is unaware of the identity or location of any such documents at this time.

11. Plaintiff is unaware of the identity or location of any such documents at this time.

12. Plaintiff is unaware of the identity or location of any such documents at this time.

13. Plaintiff is unaware of the identity or location of any such documents at this time.

14. Plaintiff is unaware of the identity or location of any such documents at this time.

15. Plaintiff is unaware of the identity or location of any such documents at this time.

16. Plaintiff is unaware of the identity or location of any such documents at this time.

17. Plaintiff is unaware of the identity or location of any such documents at this time.

18. Plaintiff is unaware of the identity or location of any such documents at this time.
19. Plaintiff is unaware of the identity or location of any such documents at this time.

20. Plaintiff has produced the three separate digital audio files that he is in possession of previously to Ingram and Associates through NCO.

21. Plaintiff is unaware of the identity or location of any such documents at this time. Plaintiff will supplement as bills are submitted.

22. Plaintiff is unaware of the identity or location of any such documents at this time.

23. Plaintiff is unaware of the identity or location of any such documents at this time.

24. Plaintiff is unaware of the identity or location of any such documents at this time and objects to this request to the extent it might relate to privileged documents or attorney work product.

25. Plaintiff is unaware of the identity or location of any such documents at this time.

26. Plaintiff is unaware of the identity or location of any such documents at this time.

27. Plaintiff does not have these documents in his possession but will try to supplement.

28. Plaintiff is unaware of the identity or location of any such documents at this time.

### Plaintiff's Response to Defendant's Request for Admissions

Plaintiff objects to each and every request for admission to the extent said request is vague, overbroad or requires an exact answer when no exact answer could logically or reasonably be given.

1. Neither admitted nor denied. Plaintiff admits to being an account holder for an American Express card but does not know whether or not this constitutes being a "primary user" or whether or not the account is the same one referenced by the Defendant.

2. Neither admitted nor denied. Plaintiff admits incurring charges on an American Express card but does not know whether or not this account is the same one referenced by the Defendant.

3. Neither admitted nor denied. Plaintiff is unaware of the truth or falsity of this statement.

4. Denied

5. Denied

6. Admitted

7. Neither admitted nor denied. Plaintiff is unaware of the truth or falsity of this statement.

8. Admitted, to the extent that Plaintiff owes amounts on AN American Express account.

9. Admitted, to the extent that Ms. Ingram had notice of the wrongdoing.

10. Neither admitted nor denied. Plaintiff admits incurring charges on an American Express card but does not recall to what extent charges were incurred for "legal expenses".

11. Neither admitted nor denied. Plaintiff admits incurring charges on an American Express card and that legal expenses arising from a lawsuit did play a part in financial difficulties occurring to the Plaintiff.

12. Denied

13. Plaintiff admits that he is not aware of any current or pending legal action by Ingram and Associates.

14. Denied

15. Neither admitted nor denied. Plaintiff is unaware of any diagnoses either ruling in conduct by Defendant or ruling it out.

16. Denied

17. Neither admitted nor denied. Plaintiff is unaware of the date of last contact.

18. Neither admitted nor denied. Plaintiff is unaware of the date of last contact.

19. Neither admitted nor denied. Plaintiff is unaware of the date of last contact.

20. Admitted.

21. Neither admitted nor denied. Plaintiff is unaware of the date of last contact.

I hereby swear and affirm that the above responses are true and correct to the best of my knowledge and belief.

_____
Roger Shuler


Dated: <u>16 May 2009</u>


*s/Robert L. Kreitlein*
Signature of Counsel
Robert L. Kreitlein
Bar ID: ASB-8289-b23k
Attorney for Plaintiffs


CERTIFICATE OF SERVICE

      I hereby certify that the foregoing pleading/motion/response was served on counsel for the Defendant, Ingram and Associates, LLC by electronic mail/US Mail, postage prepaid and/or electronic filing on or about the 16th day of May, 2009


Wayne Morse, Jr.
Waldrep, Stewart & Kendrick, LLC
2323 Second Avenue North
Birmingham, AL 35203

Ingram and Associates, LLC
PO Box 59729
Birmingham, AL 35203

Laura C. Nettles
Lloyd, Gray and Whitehead
2501 20th Place South, Suite 300
Birmingham, AL 35223


___/S/Robert L. Kreitlein_____

Robert L. Kreitlein
Attorney at Law
NIDA Legal Services
201 Vulcan Road, Suite 100
Birmingham, AL 35209
(205) 915-9991